VILLANTI, Judge,
Specially concurring.
I fully concur in the majority opinion but write to note that DJ.P.’s failure to obtain a definitive ruling on the dispositiveness of his motion from the trial court precludes review of the denial of that motion in this appeal. Florida Rule of Appellate Procedure 9.140(b)(2) provides in pertinent part:
*1079 A. Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i).... A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(Emphasis added.) Similarly, section 924.051(4), Florida Statutes (2007), likewise provides: “If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.” (Emphasis added.) This rule and statute do not constitute a jurisdictional bar to appellate review, but they do expressly limit the issues that can be addressed on appeal following a guilty plea. Leonard v. State, 760 So.2d 114, 118 (Fla.2000).
The record in this case does reflect some initial uncertainty in the trial court’s intent concerning a ruling on dispositiveness. However, at the change of plea hearing, the trial court clearly found, based on the State’s representations as to other available evidence, that the denial of the motion to suppress was not dispositive of the charges against D.J.P. Because the only issue raised in this appeal hinges on a finding that the denial of D.J.P.’s motion to suppress was dispositive and because that denial was not expressly found to be dis-positive below, we must summarily affirm. Id. at 119 (explaining that a district court should affirm summarily when it finds that an appeal from a guilty or nolo contendere plea does not present an issue preserved in accordance with section 924.051(4)).